IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 5, 2011

## MIKE SETTLE v. MIDDLE TENNESSEE MENTAL HEALTH INSTITUTE, ET AL.

**Appeal from the Circuit Court for Morgan County**
**No. 2010-CV-28     Russell E. Simmons, Jr., Judge**

_____

**No. E2010-02469-COA-R3-CV-FILED-AUGUST 12, 2011**

_____

The plaintiff, Mike Settle, citing 42 U.S.C. § 1983, filed a complaint on April 22, 2010, in which he sought injunctive relief in the form of a transfer from the Tennessee Department of Correction ("TDOC") to the Middle Tennessee Mental Health Institute ("MTMHI"). The defendants, MTMHI and former Chief Executive Officer, Lynn McDonald, filed a motion to dismiss for failure to state a claim upon which relief can be granted. The trial court granted the defendants' motion to dismiss. The plaintiff appeals, and we affirm the trial court's order of dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which HERSHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Mike Settle, Wartburg, Tennessee, appellant, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Assistant Solicitor General; and Dianne Stamey Dycus, Deputy Attorney General, Nashville, Tennessee, for the appellees, Middle Tennessee Mental Health Institute and Lynn McDonald.

**OPINION**

**I. BACKGROUND**

On June 5, 2009, Mr. Settle sought voluntary commitment in the MTMHI but was denied admission by Ms. McDonald, who advised Mr. Settle that MTMHI did not admit voluntary patients. Mr. Settle then filed a grievance with the TDOC, citing his attempt to seek voluntary commitment at MTMHI and requesting a mental health examination. The TDOC denied the grievance, stating that its mental health department was not "authorized to make referrals for forensic evaluations" and advising Mr. Settle that "[s]uch evaluations are requested through the courts."

On April 22, 2010, Mr. Settle filed a complaint in the circuit court in which he alleged that because he had been diagnosed with "schizo-affective disorder" and "manic-depressive disorder," the TDOC could not properly treat him. He also alleged that his denial of an examination or transfer without a hearing "deprived [him] of liberty without due process of law." Mr. Settle asserted that his denial of a transfer should have been "accompanied by an adversary hearing before the superintendent of MTMHI, a written statement by the factfinder of the evidence relied on[,] and the reasons for the decision." He also filed a "Petition for Voluntary Commitment" in which he sought an "examination for certification of need for care and treatment." Mr. Settle alleged that voluntary commitment was appropriate because he posed an immediate threat to himself and others. In response to Mr. Settle's complaint and subsequent petition, the defendants filed a motion to dismiss.

On June 4, 2010, Mr. Settle sought to amend his complaint by adding the TDOC as a party to the lawsuit. He further sought to add to his complaint that he had suffered from racial discrimination and retaliation for filing grievances for officer misconduct and that he was denied medical care. The TDOC objected to the amended complaint and its addition as a party to the lawsuit, stating that the amended complaint was barred by the doctrine of prior suit pending because Mr. Settle had a case pending with the same issues before the Tennessee Claims Commission. The TDOC also asserted that Mr. Settle's cause of action was waived because Mr. Settle had previously filed a claim with the Tennessee Claims Commission.

Mr. Settle filed various motions and responses following the filing of MTMHI's motion to dismiss and the TDOC's response to his motion to amend the complaint. Additionally, Mr. Settle filed a motion for a forensic evaluation, citing Tennessee Code Annotated sections 33-7-301 and 33-6-106. The defendants opposed the motion for a forensic evaluation, stating that Mr. Settle's motions were based on statutes that would not permit the requested evaluation.

The trial court denied Mr. Settle's motion to amend his complaint, citing the TDOC's assertion that a prior suit involving the same issues and parties had been filed with the Tennessee Claims Commission. The trial court granted the defendants' motion to dismiss,

finding that MTMHI would not admit voluntary patients and that the TDOC was responsible for the treatment of Mr. Settle's mental health. The trial court held that Mr. Settle's pleadings and affidavits did not "state a claim under [the] Tennessee Statutes or the Constitutions of the United States or the State of Tennessee upon which" the court could grant relief. This timely appeal followed.

## II. ISSUES

We consolidate and restate the issues raised by Mr. Settle as follows:

A. Whether the standard of review applicable to a trial court's motion to dismiss under Rule 12.02(6) requires a trial court to accept legal conclusions as true.

B. Whether the trial court erred in granting the motion to dismiss.

## III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof[;] therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion." *Trau–Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). In determining whether the trial court erred in granting the motion to dismiss, this court "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Id.* The complaint "should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of [the] claim that would warrant relief." *Id.* The trial court's grant of the motion to dismiss is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV. DISCUSSION

### A. Acceptance of legal conclusions

Mr. Settle asserts that in granting the defendants' motion to dismiss, the trial court failed to accept his "well pleaded facts" as true and liberally construe his complaint. He essentially contends that because the complaint alleged that the defendants had deprived him of his due process rights, the trial court should have accepted this assertion as true and denied the motion to dismiss. However, the trial court was not required to accept Mr. Settle's legal

conclusions as true. *See Morris v. Grusin*, No. W2009-0003-COA-R3-CV, 2009 WL 4931324, at \*3 (Tenn. Ct. App. Dec. 22, 2009) (quoting *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009)). Accordingly, we conclude that a bare assertion, without more, that a plaintiff was deprived of a liberty interest in violation of his due process rights would not be legally sufficient to survive a motion to dismiss.

## B. Dismissal

Mr. Settle contends that the trial court erred in dismissing his complaint. He asserts that the defendants' refusal to admit him to MTMHI and refusal to hold a hearing to determine whether he should have been admitted deprived him of a liberty interest in violation of his due process rights. Mr. Settle also asserts that the refusal to provide a forensic evaluation deprived him of a liberty interest in violation of his due process rights. The defendants respond that the complaint was properly dismissed because the trial court did not have the legal authority to grant the relief sought by Mr. Settle. The defendants further relate that Mr. Settle failed to establish that they deprived him of a liberty interest without due process of law.

As stated in the Fourteenth Amendment, "No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "Section 1983 of Title 42, U.S.C., 'provides a remedy for the deprivation[] of rights secured by the Constitution and the laws of the United States.'" *Rowe v. Board of Educ.*, 938 S.W.2d 351, 354 (Tenn. 1996). However, "[i]n order to establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) [that] the defendant was acting under the color of state law[] and (2) [that] the defendant's conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or federal law" without due process of law. *Davidson v. Bredesen*, 330 S.W.3d 876, 887 (Tenn. Ct. App. 2009) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

While it is true that MTMHI and Ms. McDonald were acting under the color of state law in their official capacities, Mr. Settle cannot establish that he was deprived of a right, privilege, or immunity. Mr. Settle's mental health treatment was entrusted to the care of the TDOC because he was in the department's custody. *See* Tenn. Code Ann. § 41-21-204. In cases in which the TDOC cannot provide adequate care, "on the basis of a written report of a licensed physician or a licensed psychologist with health service provider designation," the TDOC may transfer an inmate to "an appropriate residential program of the department of mental health." Tenn. Code Ann. § 33-3-402(a). Hearings regarding the TDOC's transfer decisions are required unless waived by the inmate. However, these hearings relate to the

-4-

involuntary transfer of an inmate to a mental health institution, not to an inmate's request of voluntary transfer. *See* Tenn. Code Ann. § 33-3-402(b) (providing that TDOC may order the involuntary transfer of an inmate following a transfer hearing).

While Mr. Settle alleged that the TDOC was incapable of providing adequate mental health treatment, he did not assert any factual allegations in support of this bare assertion. Moreover, Mr. Settle failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983 because Mr. Settle did not have a right to voluntary commitment at MTMHI when his medical care was entrusted to the TDOC. Accordingly, we conclude that the trial court did not err in granting the defendants' motion to dismiss. In so concluding, we must note that the trial court's reliance on the fact that MTMHI did not accept voluntary patients was misplaced. Here, the sole question was whether Mr. Settle was deprived of a right without due process of law, not whether MTMHI was able to accommodate Mr. Settle.

Relative to Mr. Settle's claim that his due process rights were denied because he was not given the requested forensic evaluation, this request was denied by the TDOC, not the defendants. Because the TDOC is not a party to this suit, this claim is without merit. Additionally, to the extent that Mr. Settle is arguing that the trial court should have ordered a forensic evaluation, this claim is also without merit. Court ordered evaluations are provided in very limited circumstances, none of which are present in this case. *See* Tenn. Code Ann. § 33-7-301 (providing for mental health evaluations of a defendant prior to trial, during trial, or prior to a post-conviction proceeding).

## V. CONCLUSION

The judgment of the trial court is affirmed, and the cause is remanded for such further proceedings as necessary. Costs of the appeal are taxed to the appellant, Mike Settle.

_____
JOHN W. McCLARTY, JUDGE